IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK M. TORRENCE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-336 |
| ANTHONY A. LOGUE, ESQ., | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

**United States District Judge Susan Paradise Baxter**

Plaintiff Frederick M. Torrence commenced the instant civil action on November 21, 2025, by filing a motion to proceed *in forma pauperis*, ECF No. 1, and attaching to it a complaint against Attorney Anthony A. Logue. *See* ECF No. 1-1. The complaint purports to state a claim under 42 U.S.C. §1983 based on Attorney Logue's alleged violation of 18 U.S.C. §242 as well as his alleged violations of Plaintiff's federal constitutional rights. *See id.* at 3.

The complaint alleges that, in August 2025, while Plaintiff was hospitalized and receiving mental health treatment related to other ailments, Mr. Logue conspired with Plaintiff's wife "to steal his property and business by filing a false complaint for divorce" and by "knowingly [lying] to the courts." ECF No. 1-1 at 4. The complaint describes the underlying tortious conduct as involving "fraud upon the courts, perjury, and attempted theft by deception." *Id.* It states that Plaintiff called Mr. Logue on October 13, 2025, and asked him to "correct his false filing," but Mr. Logue refused to do so. *Id.* at 5. As a result of these events, and Mr. Logue "trying to steal his home," Plaintiff claims to have suffered ongoing mental health and financial hardship. *Id.* As relief, Plaintiff requests compensatory and punitive damages in the amount of

1

$250,000 (i.e., "the total amount of property" that Mr. Logue allegedly "tried to steal"), along with "all legal fees [he] paid *pro se*" in connection with his divorce proceedings. *Id.*

## I.     Review of Plaintiff's Application for Leave to Proceed *in Forma Pauperis*

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a two-step analysis when determining whether to direct service of a complaint in cases where the plaintiff seeks to proceed *in forma pauperis*. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990). First, the district court evaluates a litigant's financial status and determines whether he or she is eligible to proceed *in forma pauperis* under § 1915(a); second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous or otherwise subject to *sua sponte* dismissal. *Id.* (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *see Brown v. Sage*, 903 F.3d 300, 304 (3d Cir. 2018) (describing two-step process for evaluating a petitioner's motion to proceed *in forma pauperis* on appeal); *Schneller v. Abel Home Care, Inc.*, 389 F. App'x 90, 92 (3d Cir. 2010); *Rogers v. United States*, 248 F. App'x 402, 402-03 (3d Cir. Sept. 21, 2007).

Here, the Plaintiff's motion for leave to proceed *in forma pauperis* will be granted, as it appears that he lacks sufficient funds to pay the required filing and administrative fees in this action. Accordingly, the Clerk will be directed to file his complaint as a separate docket entry.

## II.     Review of Plaintiff's Complaint Under 28 U.S.C. §1915(e)

### A.  Governing Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B), as amended, "[t]he court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A claim is frivolous if it is based upon an indisputably

2

meritless legal theory and/or contains factual contentions that are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In determining whether a complaint should be dismissed under Section 1915(e)(2)(B)(ii) for failure to state a viable legal claim, courts apply the standards that govern motions filed under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To avoid dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). When reviewing a complaint to determine whether it states a cognizable legal claim, the court accepts the well-pled factual averments as true and construes all reasonable inference arising from the facts in favor of the complainant. *See Taksir v. Vanguard Grp.*, 903 F.3d 95, 96-97 (3d Cir. 2018). However, the court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citations omitted). Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it must contain more than just labels and conclusions or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is proceeding *pro se* in this case, his complaint must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But while courts construe *pro se* pleadings liberally, "there are limits to [this] procedural flexibility," and the litigant must

3

still allege facts that would be sufficient to support a valid basis for relief. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend the complaint, unless further amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B. Analysis

In this case, the complaint purports to state a claim under 42 U.S.C. §1983[1] based on Attorney Logue's alleged violation of Plaintiff's Fourth, Eighth, and Fourteenth Amendment rights, and his alleged violation of 18 U.S.C. §242. To state a viable claim under 42 U.S.C. §1983, Plaintiff must plausibly allege that a person, while acting under color of state law, violated a right that is guaranteed to him by the Constitution or federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Plaintiff's Section 1983 claim fails because he cannot show that his federal rights were violated by a person acting under color of state law. Whether a defendant can be considered a state actor depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations and citation omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether

---

[1] Section 1983 provides a private right of action as against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted; alteration in the original).

In this case, Plaintiff asserts that Mr. Logue acted under color of state law while (apparently) representing his wife in divorce proceedings. But "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and ... 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted; second alteration in the original). This rule includes attorneys -- both court-appointed and privately-retained -- who represent their clients in family court matters. *See, e.g., Walsh v. Walsh*, 763 F. App'x 243 (3d Cir. 2019) (dismissing former husband's §1983 claim against his former wife and her divorce attorney on the grounds that neither party was a state actor); *Mikhail v. Kahn*, 572 F. App'x 68, 71 (3d Cir. 2014) (*per curiam*) (finding that attorneys who represented wife in protection from abuse, custody, and divorce proceedings were not state actors subject to liability under §1983*); Shallow v. Rogers*, 201 F. App'x 901, 904 (3d Cir. 2006) (*per curiam*) (affirming district court's dismissal of §1983 claims against wife's attorney in custody dispute because attorney was not acting under color of state law).

5

In this case, Plaintiff has alleged no facts to plausibly establish "such a close nexus between the State and the challenged action" that Mr. Logue's "seemingly private behavior" as a divorce attorney "may be fairly treated as that of the State itself." *Leshko*, 423 F.3d at 339. On the contrary, Plaintiff insinuates in his complaint that Mr. Logue perpetrated a fraud on the court, which is the opposite of acting in concert with state officials. Thus, having failed to plead state action, Plaintiff cannot establish Mr. Logue's liability under Section 1983.[2]

The complaint also fails to state a viable cause of action based on Mr. Logue's alleged violations of 18 U.S.C. §242. This statute provides, in relevant part, that:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State...to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. §242. Section 242 is a criminal statute enforced only by the Department of Justice; it does not provide any private right of action, so it cannot serve as the basis of Plaintiff's lawsuit. *See Washington v. Grace*, 445 F. App'x 611, 615 (3d Cir. 2011); *Cononie v. Caulfield*, No. 25-CV-01447, 2025 WL 2938318, at *1 n.1 (W.D. Pa. Oct. 16, 2025). In addition, Section 242, like Section 1983, applies only where the constitutional deprivation was committed by an individual acting under color of state law. *See United States v. Lanier*, 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) 'willfully' and (2)

---

[2] Even if Mr. Logue could be considered a state actor, Plaintiff's Section 1983 claims would fail to the extent he bases those claims on alleged violations of the Fourth and Eighth Amendments. The Fourth Amendment protects individuals against unreasonable searches and seizures at the hands of the state. U.S. Const. amend. IV. The Eighth Amendment protects individuals against excessive bail, excessive fines, and the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. None of the facts alleged in the complaint plausibly implicate these constitutional protections.

under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States."). For the reasons discussed, Plaintiff does not plausibly allege that Attorney Logue acted under color of state law while representing his wife in divorce proceedings.

Finally, Plaintiff cannot proceed with this litigation on the basis of a claim brought under Pennsylvania law. Even if the Court could infer the presence of a possible state law claim, the Court would not have jurisdiction over it. Federal district courts have jurisdiction over state law claims where there is diversity of jurisdiction and the amount in controversy (excluding interest and costs) exceeds $75,000. 28 U.S.C. §1332(a)(1). It is evident from the information in the complaint that both Plaintiff and Defendant are Pennsylvania residents, meaning that diversity of citizenship is lacking.

When a plaintiff is proceeding *pro se,* the court should not dismiss the complaint without giving the plaintiff an opportunity to amend his claims, unless amendment would be inequitable or futile. *See Grayson,* 293 F.3d at 114. Here, further amendment would be futile, because Plaintiff cannot proffer new allegations that would plausibly show Mr. Logue acted under color of state law for purposes of a valid Section 1983 claim. Nor can Plaintiff plausibly allege a state law claim falling within this Court's limited subject matter jurisdiction.

### III.    Conclusion

Accordingly, for the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis.* The Clerk will be directed to file Plaintiff's complaint as a separate docket entry. However, Plaintiff's complaint will be dismissed with prejudice because it fails to state a claim upon which relief can be granted, and further amendment would be futile.

An appropriate order follows.

*[signature]*

SUSAN PARADISE BAXTER
United States District Judge